

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clint A. Barham
County Attorney
Erath County
Stephenville, Texas

4003

Dear Sir:

Opinion No. O-4003

Re: What form of complaint should
be filed against a person who
stops payment on a check under
the facts set forth?

We quote your letter of September 16, requesting our opinion on the questions therein presented:

"I have had three or four complaints made to me concerning a persons's giving a check and then his subsequent stoppage of payment on the same. I have one case in mind in particular where a person gave a check for some parts to his automobile. Upon this person's arrival in his home city, he learned that he could have gotten the parts that he had bought with the check by the exchange of the worn out parts for the new parts. On learning this he stopped payment on the check that he had given for the parts in the other town.

"It appears that it would be difficult to make out a case of swindling with a worthless check on this state of facts, as one would have to prove the intent to defraud at the time the check was given. If the person did not have any funds in the bank on which the check was drawn then a case of swindling with a worthless check might be made out, but the mere fact that payment on the check was stopped indicates that the person probably had the money to cover the check in the bank at the time it was given.

"I have been able to find only one case that appears to have any bearing at all on this fact situation and that is Curlin vs. State, 6 S. W. 2nd 767. In this case a person had paid a month's rent in advance with a check. After having demanded the return of the check on his decision to move from the place before the month started and the refusal of the landlord to surrender the check, the defendant stopped payment on the same. The court held in that case that since the check was not given without sufficient funds along with the fact that the lessor was deprived of nothing of value, that the defendant was not guilty of swindling with a worthless check. This case indicates that probably if proof had been made of there not being any money in the bank at the time the check was presented or given that the defendant would have been guilty of swindling with a worthless check. After considering this case and the law that I have been able to find applicable thereto it appears that a person could not have been guilty of swindling with a worthless check unless probable proof can be made that the person did not have sufficient funds in the bank at the time the check was given and presented. If your finding is that the defendant would not be guilty of swindling with a worthless check, please point out what law, if any, the person would be guilty of under this state of facts, as I have been unable to find any law that this person might have violated, but it does seem that there should be some form of criminal law covering these acts."

We agree with you in your interpretation of the holding in Curlin vs. State, i. e., that it may be inferred therefrom that, if proof had been made of there not being any money in defendant's account in the bank at the time the check was given, or presented for payment in the ordinary course of business, then defendant would have been found guilty of swindling with a worthless check. Nor have we been able to find another decision in point.

You have stated that "the mere fact that payment on the check was stopped indicates that the person probably had the money to cover the check in the bank at the time it was given." For the purposes of this opinion, we assume that, in the case presented by you, the drawer of the check had, at the time of giving the check, sufficient funds with the bank on which it was drawn to pay, not only that check, but all other checks, drafts and orders upon such funds at that time. And our conclusion is limited to such a state of facts.

Section 4 of Article 1546, Penal Code of 1925, under which prosecution was laid in the Currlin case, has been repealed by Article 567G of the Penal Code, Section 1, which reads as follows:

"Section 1. It shall be unlawful for any person, with intent to defraud, to obtain any money, goods, service, labor, or other thing of value by giving or drawing any check, draft, or order upon any bank, person, firm or corporation, if such person does not, at the time said check, draft, or order is so given or drawn, have sufficient funds with such bank, person, firm or corporation to pay such check, draft, or order, and all other checks, drafts, or orders upon said funds outstanding at the time such check, draft, or order was so given or drawn; provided that if such check, draft, or order is not paid upon presentation, the nonpayment of same shall be prima facie evidence that such person giving or drawing such check, draft, or order had insufficient funds with the drawee to pay same at the time the said check, draft, or order was given or drawn and that said person gave or drew such check, draft, or order with intent to defraud; and provided further that proof of the deposit of said check, draft, or order with a bank for collection in the ordinary channels of trade and the return of said check, draft, or order unpaid to the person making such deposit shall be prima facie evidence of presentation to, and nonpayment of said check, draft, or order by, the bank, person, firm or corporation upon whom it was drawn; and provided further that where such check, draft, or order has been protested, the notice of protest thereof shall be admissible as proof of presentation and nonpayment and shall be prima facie evidence that said check, draft, or order was presented to

the bank, person, firm or corporation upon
which it was drawn and was not paid."

It will be noted that the above statute does not limit
non-payment, as prima facie evidence of insufficient funds and
intent to defraud, to any particular reason for non-payment.
So it would seem that non-payment upon the drawer's order would
still be prima facie proof of insufficient funds at the time of
giving the check, and also of intent to defraud. But such pre-
sumption is rebutted by proof that the drawer of the check, at
the time it was drawn, actually did have sufficient funds with
the bank on which it was drawn to pay it and all other checks,
drafts and orders upon said funds then outstanding. And thus
the prosecution fails for want of one indispensable element of
the offense. Further, it appears that, in view of all the
evidence in this case, it would be virtually impossible to prove
that the check was given with intent to defraud.

It is our opinion that, under the facts stated, there
is no violation of Section 1 of Article 557b. And, since there
was no false representation of past or present fact, and title
to the automobile parts passed at the time of the giving of the
check, we find no violation of any Texas criminal statute.

Our opinion is limited to the facts stated in your
question. Should it be possible that the State could prove a
fraudulent intent to stop payment at the time the defendant gave
the check in exchange for the property, a different question
would be presented.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 27, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen

W. R. Allen
Assistant

WRA:RS


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN